**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ALABAMA**

| | |
|---|---|
| **JANET M. COOK, ON BEHALF OF THE ESTATE AND AS SPOUSE REPRESENTATIVE OF ROBERT BRUCE COOK, DECEASED, AND LaTONIA ANN PLANCHE, SHARON DIANNE HUGHES, CHRISTOPHER BRIAN COOK, and MELISSA MARIE COOK, AS THE SURVIVING CHILDREN OF ROBERT BRUCE COOK, DECEASED** | **CIVIL ACTION** <br> **NUMBER:** 02-0808-CG-L <br> **DIVISION** |
| **VERSUS** | |
| **ATWOOD OCEANICS, INC. and NEWMAN'S MEDICAL SERVICES INCORPORATED** | **MAGISTRATE:** |

FILED NOV 1 '02 AM10:11 USDCALS

****************************************************************************

**SEAMAN'S COMPLAINT FOR DAMAGES**

**"JURY TRIAL REQUESTED"**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, JANET M COOK, AS SURVIVING SPOUSE OF ROBERT BRUCE COOK, DECEASED, AND LaTONIA ANN PLANCHE, SHARON DIANNE HUGHES, CHRISTOPHER BRIAN COOK, and MELISSA MARIE COOK, AS THE SURVIVING CHILDREN OF ROBERT BRUCE COOK, DECEASED, who do respectfully represent:

**I.**

**JURISDICTION**

On November 2, 2001, Plaintiff was a Jones Act seaman, as contemplated by 46 U.S.C. 688, et seq., where he was employed by Defendant-Atwood as a ballast control officer and was a member of the crew aboard the semi-submersible drilling vessel, the ATWOOD HUNTER. At the time of this casualty, Plaintiff was working in furtherance of her mission

LAW OFFICES OF
Ronnie G. Penton
209 HOPPEN PLACE
BOGALUSA, LA 70427

504-732-5651
800-419-3445
Telecopier:
504-735-5579

and is entitled to the protection of the Jones Act and the General Maritime Laws. Plaintiff also brings this action pursuant to 28 U.S.C. 1332, the parties being diverse of citizenship and the amount in controversy being greater than $75,000.00, exclusive of interest and costs.

**II.**

**PARTIES**

(a) JANET M. COOK, appearing herein on behalf of the estate and as the surviving spouse of Robert Bruce Cook, deceased, is a person of the full age of majority and a life-long resident of Tylertown, Mississippi, where she currently resides. At the time of her husband's death, they were living in Pace, Florida;

(b) LaTONIA ANN PLANCHE, a resident of Jayess, Mississippi, age 31, and a surviving daughter of Robert Bruce Cook;

(c) SHARON DIANNE HUGHES, a resident of Tylertown, Mississippi, age 29, and a surviving daughter of Robert Bruce Cook;

(d) CHRISTOPHER BRIAN COOK, a resident of Pace, Florida, age 27, and the surviving son of Robert Bruce Cook;

(e) MELISSA MARIE COOK, a resident of Pace, Florida, age 22, and a surviving daughter of Robert Bruce Cook;

(f) ATWOOD OCEANICS, INC., (hereinafter referred to as "Atwood"), a foreign corporation, not authorized to do, but doing business in the State of Alabama, whose principal place of business is located at 15835 Park Ten Place Drive, Houston, Texas, and who, at all times material herein, was the

LAW OFFICES OF
Ronnie G. Penton
209 HOPPEN PLACE
BOGALUSA, LA 70427

504-732-5651
800-419-3445
Telecopier:
504-735-5579

Jones Act employer of Plaintiff and owner/operator of the ATWOOD HUNTER, a semi-submersible drilling vessel, to which Robert Bruce Cook was permanently assigned at the time of his untimely death in Mobile, Alabama.

(g) NEWMAN'S MEDICAL SERVICES, INCORPORATED (hereinafter "Newman's), an Alabama corporation located at 3500 Cottage Hill Road, Mobile, Alabama, who at all times material herein, was the emergency response service dispatched to the Atlantic Marine Shipyard.

## III.

## FACTS OF THE CASUALTY

Robert Bruce Cook, the vessel's ballast control operator, had worked long hours aboard the ATWOOD HUNTER at the Atlantic Marine Shipyard in Mobile Bay, Alabama in the days prior to his death, making ready "THE HUNTER" for her voyage the next day to Egypt. On November 1, 2001, Mr. Cook worked long hours into the night. The next day, November 2, 2001, almost immediately after arriving at the vessel for another double work shift, he collapsed from extreme and unnecessary stress of his work tasks and schedules and sustained what was thought to be a heart attack. On information and belief held by the family, members of the crew performed CPR on the vessel, and at some point, called Newman's for an ambulance, but ceased all resuscitation efforts after his pulse returned. Newman's failed to properly and timely respond to the emergency call and did not properly or timely evacuate Mr. Cook. No one rendered on-going cardiac or pulmonary first aid, until medical evacuation could be accomplished. No one called 911. The HUNTER crew placed him in a personnel basket and the crane operator set him on the ground to wait for the

LAW OFFICES OF
Ronnie G. Penton
209 HOPPEN PLACE
BOGALUSA, LA 70427
504-732-5651
800-419-3445
Telecopier:
504-735-5579

ambulance to arrive. Mr. Cook continued to suffer from this cardiac condition at the Atlantic Marine Shipyard docks during the next thirty (30) minutes, waiting for the ambulance. He died at 5:54 p.m., according to the hospital records, well over an hour after the ambulance was first called.

IV.

**JONES ACT NEGLIGENCE**

A proximate cause of the death of Mr. Cook was the negligence of the Jones Act employer and certain crew of the HUNTER, pursuant to the law of the seaman, including, but not limited to 46 U.S.C. 688, et seq., and all other laws, statutes, industry custom and regulations applicable to this case, in the following non-exclusive particulars:

(a) Failure to properly train and certify its supervisory crew in life-threatening shipboard/dockside medical emergencies and evacuation;

(b) Failure to provide proper instruction and communication to its supervisory crew on how to respond in a life-threatening shipboard/dockside medical emergency;

(c) Forcing Plaintiff to work too many hours without proper and sufficient rest;

(d) Negligent emergency medical recognition, attention, assistance and evacuation;

(e) Failure to provide a safe place to work;

(f) Failure to communicate the gravity of Mr. Cook's condition to 911 emergency services and/or the United States Coast Guard so that the quickest, most efficient on-site medical attention and off-site evacuation could be selected and directed by those agencies.

LAW OFFICES OF
Ronnie G. Penton
209 HOPPEN PLACE
BOGALUSA, LA 70427

504-732-5651
800-419-3445
Telecopier:
504-735-5579

(g) Other acts or omissions which will be proven at the trial of this matter.

## V.

## NEGLIGENCE

A proximate cause of the death of Mr. Cook was the negligence of Defendant, NEWMAN'S MEDICAL SERVICES, INCORPORATED, in the following non-exclusive particulars:

(a) Failure to properly and timely respond to an emergency call;

(b) Failure to properly and timely evacuate Mr. Cook.

## VI.

## UNSEAWORTHINESS

The Plaintiff seeks damages for the unseaworthiness of the Defendant's vessel. Atwood Oceanics, Inc. breached its absolute, nondelegable duty to the Plaintiff by failing to properly train and certify its supervisory crew in life-threatening shipboard/dockside medical emergencies and evacuation, failing to provide proper instruction and communication to its supervisory crew on how to respond in a life-threatening shipboard/dockside medical emergency, forcing Plaintiff to work too many hours without proper and sufficient rest, negligent emergency medical recognition, attention, assistance and evacuation, failing to provide a safe place to work, and failing to communicate the gravity of Mr. Cook's condition to 911 emergency services and/or the United States Coast Guard so that the quickest, most efficient on-site medical attention and off-site evacuation could be selected and directed by those agencies. The vessel was not reasonably fit for its intended purpose. The unseaworthiness, above described, played a substantial part in causing the death of this

LAW OFFICES OF
Ronnie G. Penton
209 HOPPEN PLACE
BOGALUSA, LA 70427

504-732-5651
800-419-3445
Telecopier:
504-735-5579

seaman and was a direct and reasonable, probable consequence of the unseaworthiness of this vessel.

**VII.**

**CAUSATION**

The death of Robert Bruce Cook was proximately caused by the negligence of the Jones Act employer/vessel owner and the unseaworthiness of the S/S ATWOOD HUNTER, each and both of which were a legal and factual cause of this seaman's pre-death injuries, suffering, and death.

**VIII.**

**COMPARATIVE FAULT**

Mr. Cook in no way caused or contributed to his own death. He was a prudent seaman who had worked hard in the service to this employer and vessel to which he was assigned. Robert Cook had received several safety awards while working for Atwood Oceanics and its predecessor, Diamond M. He is not responsible in any manner for his own death.

**IX.**

**COMPENSATORY DAMAGES**

As a result of the negligence of Atwood Oceanics, Inc. and the unseaworthiness of the semi-submersible ATWOOD HUNTER, Plaintiffs have and will sustain the following damages, for which Defendants are liable:

(a) Robert Bruce Cook's pre-death conscious mental anguish and physical pain and suffering;

(b) Robert Bruce Cook's medical, funeral and burial expenses;

LAW OFFICES OF
Ronnie G. Penton
209 HOPPEN PLACE
BOGALUSA, LA 70427

504-732-5651
800-419-3445
Telecopier:
504-735-5579

(c) Loss of support;

(d) Loss of services;

(e) Loss of inheritance;

(f) Loss of nurture, training, and guidance.

TOTAL DAMAGES DEMANDED: $3,500,000.00

X.

**PRE-JUDGMENT INTEREST**

Prejudgment interest is sought under the general maritime law from November 2, 2001, the date of this casualty, until the date of judgment. It is shown that this judicial interest on past damages is not a penalty, but is specifically sought as compensation for Atwood Oceanic's use of funds to which this seaman is rightfully entitled as a result of this casualty and the resulting losses sustained.

XI.

**CONSORTIUM**

At all times material, Robert Bruce Cook and Janet M. Cook were husband and wife at the time of his death, and had four (4) children. Janet M. Cook, as surviving spouse, and LaTonia Ann Planche, Sharon Dianne Hughes, Christopher Brian Cook, and Melissa Marie Cook, as the surviving children of Robert Bruce Cook, are entitled to recover for loss of consortium, service and society against Defendant, NEWMAN'S MEDICAL SERVICES, INCORPORATED. The Plaintiffs are entitled to recover a reasonable amount that would justly compensate the survivors of Robert Bruce Cook.

LAW OFFICES OF
Ronnie G. Penton
209 HOPPEN PLACE
BOGALUSA, LA 70427

504-732-5651
800-419-3445
Telecopier:
504-735-5579

XII.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, JANET M. COOK, AS SURVIVING SPOUSE OF ROBERT BRUCE COOK, and LaTONIA ANN PLANCHE, SHARON DIANNE HUGHES, CHRISTOPHER BRIAN COOK, and MELISSA MARIE COOK, THE CHILDREN OF ROBERT BRUCE COOK, prays that after due proceedings had, there be judgment herein in their favor and against the Defendants, ATWOOD OCEANIC, INC. and NEWMAN'S MEDICAL SERVICES, INCORPORATED, in the amount of Three Million Five Hundred Thousand and NO/100 ($3,500,000.00) Dollars, or such lesser or greater amount as is found reasonable under the facts of this case, with prejudgment interest as allowed by law, until paid on damages awarded that allow such, and for all costs of these proceedings.

LAW OFFICES OF RONNIE G. PENTON
209 HOPPEN PLACE
BOGALUSA, LOUISIANA 70427
(504) 732-5651

Ronnie G. Penton
Trial Counsel for Plaintiff
Louisiana Bar Roll Number 10462

LAW OFFICES OF
Ronnie G. Penton
209 HOPPEN PLACE
BOGALUSA, LA 70427

504-732-5651
800-419-3445
Telecopier:
504-735-5579