## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **JANET M. COOK, individually and as the representative of the estate of ROBERT BRUCE COOK, deceased,** ) ) ) ) | |
| **Plaintiff,** ) ) | |
| v. ) ) | **CIVIL ACTION NO. 02-0808-CG-L** |
| **ATWOOD OCEANICS, INC., and ATLANTIC MARINE, INC.,** ) ) ) | |
| **Defendants.** | |

## **ORDER**

This matter is before the court on plaintiff's motion to amend the order of June 3, 2005, (Doc. 107) to include the language that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," for permission to appeal from the amended order, and to enter an order staying all trial court proceedings pending the outcome of the appeal. (Doc. 112). The court recently denied plaintiff's motion for emergency telephonic hearing to discuss plaintiff's intention to move for interlocutory appeal of this court's order of June 3, 2005 and to determine the effect such an appeal would have on further action in this case.[1]  The court stated:

> Section 1292(b) provides the courts of appeals with discretionary jurisdiction over appeals of orders, not otherwise appealable, where district court has stated in writing that "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  Plaintiff asserts that the court's order of June 3, 2005, (Doc. 107) involved a controlling question of law as

---

[1] The order denying plaintiff's motion for hearing was entered June 6, 2005 (Doc. 110), the same day plaintiff filed the instant motion (Doc. 112).

to which there is substantial ground for difference of opinion and that an immediate appeal will materially advance the ultimate termination of its litigation. The court disagrees.

The court finds that there is not a substantial ground for difference of opinion. It is clear that the medical treatment from which plaintiff's claim arises occurred on the ATWOOD HUNTER, which, under Sea Vessel, Inc. v. Reyes, 23 F.3d 345 (11th Cir. 1994), satisfies the locality test for admiralty jurisdiction. Courts have consistently found the provision of medical treatment aboard a vessel to seamen to be sufficiently related to traditional maritime activity to confer maritime jurisdiction. See e.g. Barbetta v. S/S Bermuda Star, 848 F.2d 1364, 1368-69 (5th Cir. 1988); Parker v. Gulf City Fisheries, Inc., 803 F.2d 828 at 829-30 (5th Cir. 1986); Kelly v. Smith, 485 F.2d 520, 525 (5th Cir.1973); Rand v. Hatch, 762 So.2d 1001, 1003 (Fla.App. 3 Dist. 2000); Antoine v. Zapata Haynie Corp., 777 F.Supp 1360 (E.D. Tex. 1991). Thus, plaintiff's claim against Atlantic Marine clearly falls under admiralty jurisdiction. As such, substantive admiralty law applies to the claim unless "the policy underlying the admiralty rule is not strong and the effect on admiralty is minimal." Brockington v. Certified Elec., Inc., 903 F.2d 1523, 1530 (11th Cir. 1990). In light of the Eleventh Circuit's holding in Amtrack "Sunset Ltd." Train Crash in Bayou Canot, Ala., 121 F.3d 1421 (11th Cir.1997), the court finds there is no substantial ground for a difference of opinion. Admiralty law clearly applies to plaintiff's negligence claim against Atlantic Marine.

(Doc. 110, pp. 1-2). After reviewing the instant motion, the court finds that it is due to be denied for the same reasons.

## CONCLUSION

For the reasons stated above, plaintiff's motion to amend the order of June 3, 2005 (Doc. 107), for permission to appeal from the amended order, and to enter an order staying all trial court proceedings pending the outcome of the appeal (Doc. 112), is **DENIED**.

**DONE and ORDERED** this 7th day of June, 2005.

/s/   Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE