IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JANET M. COOK, individually and as the<br>representative of the estate of ROBERT<br>BRUCE COOK, deceased, | )<br>)<br>) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 02-0808-CG-L |
| | ) |
| ATWOOD OCEANICS, INC., and<br>ATLANTIC MARINE, INC., | )<br>) |
| | ) |
| Defendants. | ) |

**ORDER ON JURY TRIAL**

The above-styled action came on for trial by jury in the on June 15, 16 and 17, 2005, before the

Honorable Callie V. S. Granade, Chief United States District Judge.  The jury was selected by the

Honorable Bert W. Milling, Jr., United States Magistrate Judge on June 1, 2005.

On June 15, 2005, prior to the jury being sworn, the court held an in camera hearing outside the

presence of the jury regarding the parties' pretrial motions (Docs. 113, 121, 122, 124, 129, 130, and

132), which the court granted in part and denied in part, as specified below:

Joint Motion for Designation of Deposition Testimony of Charles Laporte (Doc. 121)
**GRANTED** with exceptions as set forth on the record.

Joint Motion for Designation of Deposition Testimony of Dr. William E. Shell
(Doc. 122);  Plaintiff's Motion to Admit Leading Question in the Direct Examination
of Dr. William Shell (Doc. 124), and Plaintiff's Supplemental Motion for Designation
of Deposition Testimony of Dr. William E. Shell (Doc. 132) - Question at page
105, lines 7-9 admitted.  Designations as set out in motions **GRANTED**.

Plaintiff' Motion in Limine to Exclude Trial Testimony of James Gillenwater (Doc. 129)

**GRANTED IN PART, DENIED IN PART** in that plaintiff's first objection was overruled; plaintiff's second objection was sustained; and plaintiff's third objection was sustained.

Plaintiff's Motion to Admit the Trial Deposition Testimony of James Gillenwater over the objection of Defendants (Doc. 130); **GRANTED IN PART, DENIED IN PART and MOOT IN PART** in that defendants' first objection was overruled; defendants' second objection was sustained; defendant's third objection was withdrawn; defendant's fourth objection was overruled; defendant's fifth objection was overruled; and defendant's sixth objection was sustained as to page 48, line 43 through page 50, line 17.

Plaintiff's Motion to Admit Exhibits over Objection of Defendants in Pre-Trial Order (Doc. 113) - **DENIED** as to plaintiff's pretrial exhibits 21, 25, & 31 (plaintiff's trial exhibits 22, 20 & 21).  Defendants withdrew objection to plaintiff's pretrial exhibit 32, and plaintiff withdrew pretrial exhibits 41 and 42.  The court reserved ruling on plaintiff's pretrial exhibits 33-40 until testimony presented.

During the hearing the court advised counsel of its ruling that punitive damages are not recoverable in this action.  Plaintiff orally moved for leave to file interlocutory appeal on the court's ruling and to stay the case pending appeal, and said motions were **DENIED** for the reasons as set forth on the record.  Defendants orally moved to quash plaintiff's subpoena duces tecum served on non-party Dr. Ross, and the motion was **GRANTED IN PART** and **DENIED IN PART** in that Dr. Ross was not required to appear; however, he was to provide any of the requested documents that he was able to find to plaintiff's counsel.

The jury was duly sworn, and trial commenced.  Plaintiff presented her case-in-chief, and rested on June 16, 2005.  During plaintiff's case, the parties agreed to amend their stipulation as to pecuniary damages recoverable by plaintiff to include medical, funeral, burial, and other related expenses in the amount of $15,115.12, making the total amount of stipulated, recoverable pecuniary damages $502,724.12 if plaintiff prevails .  The defendant orally moved for judgment as a matter of law at the close of plaintiff's case as to plaintiff's claims for unseaworthiness and negligence against Atwood Oceanics, and her

negligence claim against Atlantic Marine, Inc.  The court deferred ruling on the motion as to plaintiff's

claims against Atwood Oceanics, Inc. and **DENIED** the motion as to plaintiff's claims against Atlantic

Marine, Inc. for negligence for the reasons as set forth on the record.  Defendant Atwood's motion for

judgment as a matter of law was rendered **MOOT** once the jury's verdicts were returned.  The defendant

then presented its evidence and rested.[1]  The court held a charge conference with counsel.

On June 17, 2005, counsel made their closing arguments to the jury, the court charged the jury on

the applicable law, and the jury commenced their deliberations.

Now, on the 17th day of June, 2005, comes the jury who having heard the evidence, the arguments

of counsel, the charge of the court and having considered the same upon their oaths return their verdict ,

a copy of which is attached hereto, into open court with counsel present.

By separate document, the court will enter judgment in accordance with the verdict of the jury.

The following schedule is set for post trial pleadings: Plaintiff's post trial brief shall be filed **not later**

**than June 27, 2005**; Defendants' response shall be filed **not later than July 18, 2005**.

**DONE and ORDERED** this the 21st day of June, 2005.


/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE

---

[1]Defendants' Motion for Designation of Deposition Testimony of Dr. Larry Mitchell (Doc. 135) is deemed to be **MOOT** as the excerpts designated by the defendants were read to the jury in open court.